UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN LEE, | No. 2:24-cv-3684-CKD |
| Petitioner, | |
| v. | ORDER |
| CHANCE ANDES, | |
| Respondent. | |

Petitioner Darren Lee, a state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and paid the filing fee. It appears the petition challenges solely issues of state law and thus that the court lacks jurisdiction over the petition. However, the court is unable to complete the required preliminary review because the petition fails to comply with Rule 2(c) of the Rules Governing Section 2254 Cases. Thus, the petition will be dismissed with leave to amend.

**I.      Background**

Petitioner challenges a sentence he is serving for a judgment entered in the Sacramento County Superior Court on March 19, 1980, convicting him of two counts of murder and other offenses. (ECF No. 1 at 1.) In 2019, petitioner sought resentencing under former Penal Code section 1170.95 (now section 1172.6). The trial court denied the petition at the prima facie stage.

See People v. Lee, No. C093754, 2021 WL 5875456, at *1 (Cal. Ct. App. Dec. 13, 2021). The court of appeal reversed and remanded for the trial court to hold an evidentiary hearing to determine whether petitioner was entitled to relief. Id. After holding the evidentiary hearing, the trial court denied the petition and denied resentencing. See People v. Lee, No. C098428, 2024 WL 3243899, at *2 (Cal. Ct. App. July 1, 2024), review denied (Sept. 11, 2024).

The present federal petition states it asserts four grounds for relief based on the incorporation of petitioner's prior applications for relief which are attached as 120 pages of exhibits. (See ECF No. 1 at 4-5.) As best the court can discern, petitioner is claiming in ground one that the state courts erred in violation of due process in denying relief on his petition for resentencing, as argued to the California Supreme Court in a habeas corpus petition.[1] (Id. at 31-35.) It appears he is claiming in ground two that the judgment is invalid because he was not afforded the retroactive benefit of changes to state law, including, but not limited to, section 707 of the California Welfare & Institutions Code. (Id. at 36.) For ground three, it appears petitioner attempts to incorporate all seven claims made in his petition for writ of habeas corpus to the Superior Court filed on January 18, 2024. (Id. at 5, 54-66.) For ground four, petitioner incorporates his additional arguments made to the Superior Court in an addendum dated January 24, 2024. (Id. at 5, 101-115.)

**II.     Legal Standards**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

////

---

[1] The facts supporting this claim are difficult to understand. Substantial portions appear to be quoted from the decision of the California Court of Appeal remanding petitioner's application for resentencing to the trial court for an evidentiary hearing. Petitioner also includes argument that appears to be addressed to the trial court's initial denial of the petition at the prima facie stage, which was subsequently reversed, as set forth herein.

Rule 2 of the Rules Governing Section 2254 Cases requires that such a petition "specify all the grounds for relief which are available to the petitioner [and] state the facts supporting each ground[.]" Rule 2(c), Rules Governing Section 2254 Cases. In addition, the Advisory Committee's Notes to Rule 4 explain that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see also Mayle v. Felix, 545 U.S. 644, 655 (2005).

### III. Discussion

#### A. Failure to Comply with Rule 2(c)

The petition fails to clearly identify the grounds for relief and fails to set forth any supporting facts for each ground for relief. Instead, each claim merely references various pages of exhibits with confusing pagination and overlapping presentation of claims therein. The court attempted to review petitioner's exhibits to discern the grounds for relief petitioner is presenting, and the facts supporting each ground, but was unable to do so. For example, the referenced pages for ground three appear to contain seven distinct claims, most of which appear to be based on state law, and some of which appear to overlap with the material referenced for grounds one and two. It is unclear which claim or claims petitioner is attempting to assert as ground three in the present federal petition. Under the circumstances, petitioner cannot simply point the court to his state court filings for his grounds for relief, which do not show a real possibility of constitutional error.

Because the court cannot discern the claims petitioner is attempting to bring, the petition will be dismissed for failure to comply with Rule 2(c) and petitioner will be granted leave to file an amended petition that clearly specifies the grounds for relief and states the facts supporting each ground. As set forth below, only grounds for relief asserting violations of the Constitution or laws of the United States can be brought under 28 U.S.C. § 2254.

#### B. Challenges to Issues of State Law

Each of petitioner's grounds for relief appears to challenge the state courts' denial of his petition for relief under Senate Bill 1437, which "amended the Penal Code to modify accomplice liability for murder and the felony murder rule." People v. Gentile, 10 Cal. 5th 830, 841 (2020).

"[I]n addition to amending the substantive law of murder, Senate Bill 1437 provided a procedure for defendants with eligible murder convictions to petition to have their convictions vacated through the trial court." Id. at 847. Whether petitioner is entitled to relief under Senate Bill 1437 is an issue of state law and a habeas petitioner "may not ... transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996), cert. denied, 522 U.S. 881 (1997).

Based on what the court can discern from reviewing petitioner's claims presented to the state courts in the exhibits attached to the petition, petitioner's claims pertaining to the denial of resentencing relief raise issues of state law only and relief under 28 U.S.C. § 2254 is unavailable. However, petitioner will have an opportunity to amend to clarify his claim(s) and the supporting facts. In any amended petition, petitioner must clearly state the facts supporting each ground showing a violation of federal law.

**IV.     Plain Language Summary for Pro se Party**

The following information is meant to explain this order in plain English. This information is not intended as legal advice.

Only violations of federal (not state) law are cognizable in a petition under 28 U.S.C. § 2254. The court is unable to discern what federal claims you are bringing and how you are alleging any violation of federal law in connection with the denial of your application for resentencing under state law. Your petition is being dismissed, but the court is giving you an opportunity to file an amended petition that clearly specifies the grounds for relief and the facts supporting each ground.

**V.     Conclusion and Order**

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. The petition for writ of habeas corpus is dismissed with leave to amend.

2. Within 30 days of the date of this order, petitioner shall file either an amended petition for writ of habeas corpus or a notice of voluntary dismissal; failure to respond to this order will result in a recommendation to dismiss this action.

////

...

3. An amended petition must bear the title "Amended Petition" and the case number assigned to this action.

4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Dated: April 15, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

lee1438.dism.lta.2c